IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KATHY ANN HENDRICKSON, *aka* *Kathy Thorberg*, <br><br> Defendant. | CR 21–32–M–DWM <br><br><br> ORDER |

This matter is set for trial on January 24, 2022. (Doc. 24.) The government seeks to introduce the testimony of trial witness Helen Carlson via video in light of her health conditions and her recent COVID-19 diagnosis. (Doc. 41.) While the defendant does not object, (*see id.*), the government's motion does not address either the Confrontation Clause or Federal Rule of Criminal Procedure 26. *See United States v. Carter*, 907 F.3d 1199, 1206 (9th Cir. 2018) ("It also bears noting that no procedural mechanism exists for employing a video procedure in the manner it was employed here."). To excuse Ms. Carlson's physical presence as requested by the government requires "'a case-specific finding' that (1) the denial of physical confrontation 'is necessary to further an important public policy,' and (2) 'the reliability of the testimony is otherwise assured.'" *Id.* at 1207–08 (quoting

1

*Maryland v. Craig*, 497 U.S. 836, 850 (1990)). The government's current motion does not provide enough information to apply this test here; specifically, it is unclear what the nature of Ms. Carlson's anticipated testimony is and whether any alternatives were considered. Moreover, even if the government could meet *Carter*'s high bar, the defendant's acquiesce to the request must be documented in a written waiver, signed by the defendant herself.

Accordingly, IT IS ORDERED that the government's motion (Doc. 41) is DENIED subject to renewal as outlined above.

DATED this 19th day of January, 2022.

14:51 P.M.

Donald W. Molloy, District Judge
United States District Court